Emma Royce, Sole Beneficiary of Ernest Royce, Deceased; Emma Royce v. Commissioner.
Royce v. Commissioner
Docket No. 42401.
United States Tax Court
T.C. Memo 1954-207; 1954 Tax Ct. Memo LEXIS 36; 13 T.C.M. (CCH) 1080; T.C.M. (RIA) 54313; November 30, 1954, Filed *36 Held, that petitioners have failed to establish that certain alleged debts became worthless in 1949 within the meaning of section 23(k)(4) of the Internal Revenue Code of 1939. J. Dean Evans, Esq., for the petitioner. Merl B. Peek, Esq., for the respondent. FISHER
Respondent determined a deficiency in income tax for petitioner and her husband (now deceased) for the taxable year ending December 31, 1949, in the amount of $450.26. The issue before us grows out of disallowance by respondent of a deduction of $2,000 which petitioner and her husband had taken on their return for 1949. The deduction was taken on the theory that the amount in question represented a debt which had become worthless in the year in question. Other adjustments are not contested. Memorandum Opinion FISHER, Judge: All of the facts are stipulated and are incorporated herein by reference. Emma Royce (hereinafter referred to as petitioner) and Ernest Royce, now deceased, filed a timely joint income tax return with the then collector of internal revenue for the district of Iowa for the calendar year 1949. On or about April 3, 1945, petitioner and Ernest paid over $1,000 to Kenneth *37 and MaRee Montgomery, husband and wife. MaRee Montgomery is the daughter of petitioner and Ernest. Kenneth and MaRee Montgomery gave petitioner and Ernest Royce a demand note dated April 13, 1945, for the above amount. On or about July 25, 1947, petitioner and Ernest paid over an additional $1,000 to Kenneth and MaRee Montgomery, who gave, in return, to petitioner and Ernest, an installment note dated July 25, 1947. The aggregate amount of $2,000 was paid over by petitioner and Ernest Royce to Kenneth and MaRee Montgomery to enable the latter to repay certain personal loans. MaRee Montgomery was divorced from Kenneth Montgomery on May 11, 1948. Petitioner then referred collection of the notes to an attorney in California, but no suit was instituted because Kenneth could not then be located in California. Kenneth and MaRee were remarried on May 26, 1950, and continued to live together as husband and wife until the death of MaRee on October 17, 1952. During the year 1950, petitioner referred collection of the notes to an attorney in California, but such notes were returned to petitioner because Kenneth and MaRee could not be located in California. Kenneth and MaRee have never *38 made any payment of interest or principal on said aggregate amount of $2,000. On their joint income tax return, petitioner and Ernest claimed, pursuant to section 23(k)(4) of the Internal Revenue Code of 1939, a short term capital loss in the aggregate amount of $2,000 and offset such amount against capital gains derived from the sale of an apartment house and furniture. The Commissioner disallowed the claimed deduction of $2,000 on the grounds that (1) no debt existed and (2) that, if such debt did exist, it did not become worthless in the year 1949 as claimed. In view of our determination infra upon the second contention of the respondent, it is unnecessary for us to consider the first. The burden was upon petitioner to establish that the notes became worthless in 1949 as a basis for allowance of a deduction for that year under section 23(k)(4) of the Internal Revenue Code of 1939. The stipulated facts are too meager to establish either that the notes became worthless at all, or if worthless, that they became so in 1949 rather than in 1948 or 1950 or any prior or subsequent year. We, therefore, sustain the respondent's disallowance of the deduction. Decision will be entered *39 for the respondent.